# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**TIMOTHY PEEL**                                                                        **PETITIONER**

**V.**                       **NO. 3:17-CV-00262-JLH-JTR**

**MARTY BOYD, Craighead County**
**Sheriff Department**                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Timothy Peel ("Peel"), a *former* detainee in the Craighead County Detention Center ("CCDC") in Jonesboro, Arkansas. *Doc. 1*.

On September 28, 2017, Peel filed his *pro se* § 2241 Petition, in which he alleges that he has been detained "for more than 70 days in the Craighead County Jail" without a case number or a court docket number "from the state." *Doc. 1 at pp.1-2*. For relief, Peel seeks release on "the current [state] charges . . . due to not having a docket or case number." *Doc. 1 at p. 8*.

On October 11, 2017, the Court entered a Show Cause Order directing Peel to file a Supplemental Habeas Petition by November 13, 2017.[1] *Doc. 3*. Peel did not file a response to the Court's Show Cause Order.

For the reasons stated below, the Court recommends that Peel's habeas Petition be dismissed.

## II. Discussion

In reviewing a federal habeas petition, a court may summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.

---

[1] Among other things, the Court's Order described the pending criminal charges Peel was facing, in both state and federal court, and noted that a state court probation revocation hearing appeared to be scheduled for December 8, 2017.

2

1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

The Court takes judicial notice that Peel is a defendant in a pending criminal case in the Eastern District of Arkansas, *United States v. Williams*, Case No. 4:17-cr-00137-JM-2 (hereinafter, "pending federal criminal case" or "*U.S. v. Williams*"). *U.S. v. Williams*, Doc. 23.[2]

On August 15, 2017, Peel appeared for Plea and Arraignment on the federal charges. He waived a bond hearing, but reserved his right to request bond at a later time. *Id.*, *Docs. 28 & 29*. U.S. Marshals then transported Peel back to the CCDC, where he remained in state custody.

On November 15, 2017, Peel filed a Motion for Release from Detention, in which he represented that: (1) no state charges remained pending against him; and (2) he was now in a position to seek an O/R bond on the federal charges. *Id.*, *Doc. 41*. The United States Attorney requested that Peel be detained. On December 6, 2017, the Court conducted a detention hearing. After considering all of the evidence, the Court concluded that Peel was entitled to be released on an O/R bond *U.S. v. Williams*, *Doc. 47*. Thus, Peel is now on pretrial supervision and awaiting trial in the pending federal criminal case.

---

[2] Peel is charged in five drug-related counts (one count of conspiracy to distribute methamphetamine and four distribution counts).

Because Peel is no longer in custody in the CCDC on state criminal charges, this Court cannot grant "any effectual relief whatsoever" on his § 2241 habeas Petition. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam); *see also*, *Tillisy v. Lappin*, 324 Fed. Appx. 543 (8th Cir. 2009) (§ 2241 petition challenging BOP's denial of request for compassionate release was moot when the petitioner had been released from custody). Thus, Peel's request for § 2241 federal habeas relief is moot.

Additionally, Peel failed to a Response to the Court's Show Cause Order, which specifically advised Peel that the consequence of failing to respond would be the dismissal of his habeas petition. *Doc. 3*.

### III. Conclusion

Because Peel is not currently in state custody, this Court has no power to grant the requested habeas relief. Additionally, Peel failed to comply with the November 13, 2017 deadline established by this Court in its Show Cause Order.

IT IS HEREBY RECOMMENDED, *SUA SPONTE*, THAT Petitioner Timothy Peel's § 2241 Habeas Petition be dismissed, without prejudice.

Dated this 8th day of December 2017.

_____
UNITED STATES MAGISTRATE JUDGE